Dan Chris IVY *v.* STATE of Arkansas

CA CR 95-135                                                939 S.W.2d 843

Supreme Court of Arkansas
Opinion delivered March 19, 1997

*Job Serebrov*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

PER CURIAM. On March 17, 1997, we issued a *per curiam* order concerning Dan Chris Ivy's motion to unseal a brief, motion to submit a petition under seal, and motion to strike the State's response. We erroneously referred to the motions as if they concerned a petition to be submitted to this Court. The following is substituted in place of the order we handed down on March 17, 1997:

Dan Chris Ivy was convicted of third-degree battery. The conviction was affirmed by the Arkansas Court of Appeals. Cer-

tain medical records concerning the victim were maintained under seal by the Court of Appeals. Mr. Ivy moves to unseal those records so that his attorney may have access to them for the purpose of preparing a petition for postconviction relief pursuant to Ark. R. Crim. P. 37. As an alternative, Mr. Ivy suggests that he be allowed access to the records but maintain their confidentiality by submitting his Rule 37 petition under seal.

The State has responded with an objection to unsealing the records, but it has no objection to allowing the petition to be submitted under seal. Mr. Ivy has moved to strike the State's response because it was untimely. We decline to strike the State's response.

We take no position whatever on whether Mr. Ivy should have had access to the records for his trial or appeal. Nor do we take any position on whether they should have been placed under seal. We note only that Mr. Ivy has suggested a means of accomplishing his purpose of getting the information before the Court which will hear his Rule 37 petition, and the State has agreed to it. We deny the motion to unseal the records in question. We grant permission to refer to the records in a Rule 37 petition and order that the records and any references to them not be released to anyone other than the Court, the parties to the Rule 37 petition, and the parties' attorneys.